UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LARRY SEVENSKI,

    Plaintiff,

v.

BROCK ARTFITCH, in his individual and official capacity,

    Defendant.

No. 1:18-cv-01204

HON. JANET T. NEFF

| | |
|---|---|
| Christopher J. Trainor (P42449)<br>Amy J. Derouin (P70514)<br>Attorneys for Plaintiff<br>Christopher Trainor & Associates<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | John G. Fedynsky (P65232)<br>Assistant Attorney General<br>Attorney for Defendant<br>Michigan Dep't of Attorney General<br>Complex Litigation Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-3055<br>fedynskyj@michigan.gov |

**DEFENDANT'S CORRECTED ANSWER TO COMPLAINT AND JURY DEMAND WITH AFFIRMATIVE DEFENSES**

Defendant, Brock Artfitch, by and through counsel, answers Plaintiff's Complaint and Jury Demand, by like-numbered paragraphs as follows:

1. Plaintiff is currently a resident of the Township of Elmira, County of Otsego, State of Michigan.

    **ANSWER: Defendant neither admits nor denies the allegations because he lacks knowledge or information sufficient to form a belief as to their truth.**

2. Defendant Brock Artfitch was and/or is a police officer working and/or assigned to the Michigan State Police and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

   **ANSWER: Defendant admits the allegations.**

3. All events giving rise to this lawsuit occurred in the Township of Elmira, County of Antrim, State of Michigan.

   **ANSWER: Defendant denies the allegations as untrue.**

4. This lawsuit arises out of Defendant's violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983. Plaintiff also has viable state law claims.

   **ANSWER: Defendant denies the allegations as untrue.**

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

   **ANSWER: Defendant does not contest this Court's subject matter jurisdiction, but Defendant does deny that Plaintiff has any viable claims.**

6. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

   **ANSWER: Defendant denies the allegations as untrue.**

## FACTS

7. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

   **ANSWER: Defendant incorporates all prior responses.**

8. That on March 17, 2017, Plaintiff was driving on Thumm Rd. in Elmira, Michigan.

   **ANSWER: Defendant admits the allegations.**

9. Defendant Brock Artfitch performed a traffic stop on Plaintiff.

   **ANSWER: Defendant admits the allegations.**

10. Plaintiff immediately exited his vehicle.

    **ANSWER: Defendant admits the allegations.**

11. Defendant then exited his patrol vehicle and approached Plaintiff.

    **ANSWER: Defendant denies the allegations as untrue. In further response, Defendant states that Plaintiff advanced towards Defendant, refused to comply with verbal directions, stated he (Plaintiff) wished he had a weapon, and made a fist in preparation to punch Defendant.**

12. Defendant Artfitch placed his hand on Plaintiff's chest and pushed him backwards.

    **ANSWER: Defendant admits the same but objects to this paragraph omitting the relevant context.**

13. Defendant Artfitch then grabbed Plaintiff's left arm and pulled on it.

    **ANSWER: Defendant admits the same but objects to this paragraph omitting the relevant context.**

14. Defendant Artfitch then threw Plaintiff to the ground causing Plaintiff to hit his face and arm on the ground.

    **ANSWER: Defendant admits using a straight arm bar takedown in response to Plaintiff's active aggression and threatening behavior.**

15. Plaintiff was transported via ambulance to McLaren Northern Michigan Hospital for his injuries.

    **ANSWER: Defendant admits the allegations.**

16. As a result of Defendant's unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

    **ANSWER: Defendant denies the allegations as untrue.**

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE**

17. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

    **ANSWER: Defendant incorporates all prior responses.**

18. At all relevant times herein, the individual Defendant acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

**ANSWER:  Defendant admits the allegations.**

19. Defendant violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

    **ANSWER:  Defendant denies the allegations as untrue.**

20. The actions of Defendant was at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

    **ANSWER:  Defendant denies the allegations as untrue.**

21. Defendant is not not [*sic*] entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

    **ANSWER:  Defendant denies the allegations as untrue.**

22. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983

together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**ANSWER:  Defendant denies the allegations as untrue.**

Defendant respectfully requests that this Court dismiss all claims and grant any other appropriate relief to Defendant.

## DEFENDANT'S RELIANCE UPON JURY DEMAND

Defendant relies upon the jury demand filed in this matter and will pay any fee upon proper notification by the Court.

## AFFIRMATIVE DEFENSES

1. Some or all of Plaintiff's losses and damages, if any, were caused by Plaintiff's own conduct or the conduct of others and not attributable to Defendant.
2. Defendant is entitled to qualified immunity or other immunity granted by federal law.
3. To the extent that Plaintiff attempts to bring claims against Defendant in his official capacity, the Eleventh Amendment bars such claims.
4. Defendant objects to any failure by Plaintiff to join all claims and parties required to be joined.
5. Defendant reserves the right to raise further defenses or assert other matters revealed by continuing investigation and discovery, including all

defenses available under Federal Rules of Civil Procedure 12 and 56, upon the completion of discovery and as the Court permits.

                    Respectfully submitted,

                    Bill Schuette
                    Attorney General

                    */s/John G. Fedynsky*
                    John G. Fedynsky (P65232)
                    Assistant Attorney General
                    Attorney for Defendant
                    Complex Litigation Division
                    P.O. Box 30736
                    Lansing, MI 48909
                    (517) 335-3055
January 3, 2019              fedynskyj@michigan.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on the 3rd day of January 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such.

                    */s/John G. Fedynsky*
                    John G. Fedynsky
                    Assistant Attorney General
                    Attorney for Defendant