UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LARRY SEVENSKI,

    Plaintiff,

v.                                   CASE NO: 1:18-cv-01204
                                        HON. JANET T. NEFF

BROCK ARTFITCH,
in his individual and official capacity,

    Defendant.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | JOHN G. FEDYNSKY (P65232)<br>Assistant Attorney General<br>Attorney for Defendant<br>PO Box 30736<br>Lansing, MI 48909<br>517-335-3055<br>fedynskyj@michigan.gov |
|---|---|

**JOINT STATUS REPORT**

      **NOW COME** the parties, by and through their respective attorneys, and in accordance with the Honorable Court's *Order Setting Rule 16 Scheduling Conference* [Docket 10] and having previously conferred, submit the following Joint Status Report. A Rule 16 Scheduling Conference is scheduled for February 11, 2019 at 10:00 A.M., before Honorable Janet T. Neff. Appearing for the parties will be:

                For Plaintiff:        Amy J. DeRouin

                For Defendant:     Kevin O'Dowd[1]

---

[1] Given an irreconcilable conflict with having to argue at a hearing on multi-party dispositive motions in another matter (E.D. Mich.), preventing trial counsel AAG John Fedynsky from attending this conference, AAG Kevin O'Dowd will be attending the Rule 16 conference.

1

1. **JURISDICTION:**

   The basis for this Honorable Court's jurisdiction is 28. U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights).

2. **JURY:**

   The parties have requested a jury trial.

3. **JUDICIAL AVAILABILITY:**

   The parties respectfully do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **STATEMENT OF THE CASE:**

   (i) **Plaintiff's Position**

   On March 17, 2017, Plaintiff, Larry Sevenski, ("Mr. Sevenski") was driving on Thumm Rd. in Elmira, Michigan when Defendant stopped him. After the stop, Mr. Sevenski exited his vehicle, and Defendant then exited his patrol vehicle where he approached Mr. Sevenski. Defendant placed his hand on Mr. Sevenski's chest and pushed him backwards. Defendant then grabbed Mr. Sevenski's left arm, pulled on it, and threw him to the ground. As a result, Mr. Sevenski struck his face and arm on the ground. Mr. Sevenski was subsequently transported via ambulance to McLaren Northern Michigan Hospital for his injuries as a result of Defendant's unlawful actions. Consequently, Mr. Sevenski filed the instant lawsuit against Defendant and alleges a *Fourth* Amendment Excessive Force claim against Defendant.

   (ii) **Defendant's Position:**

   Tpr. Brock Artfich generally denies Plaintiff's allegations and asserts the protections of qualified immunity and any other available defense. Plaintiff is the owner and operator of

Larry's Seven-Ski Inn, a pub in Elmira, Michigan.  On March 17, 2017, Plaintiff was upset about law enforcement patrols occurring near his business.  Around 11:00 p.m., he drove around to find and confront the police.  Tpr. Jacob Hubbard initiated a valid traffic stop of Plaintiff after observing him failing to signal a right turn and then performing a wide U-turn in the middle of the roadway.  Before Tpr. Hubbard even put his patrol car in park, Plaintiff flung his door open, exited the car, and aggressively approached the troopers.  Trp. Artfich exited the passenger side of the police car and repeatedly ordered Plaintiff to stop and get back in his car.  Plaintiff yelled, "I have a bone to pick with you!"  Plaintiff continued to advance and ignore police orders.  Trp. Artfich placed his hand on Plaintiff's chest and lightly pushed him back at a walk while Plaintiff pushed back against the trooper.  Artfich asked if Sevenski had any weapons on him.  Sevenski replied, "I wish I had one!"  Trp. Artfich grasped Plaintiff's raised left hand in an attempt to turn him around to facilitate a person search.  Plaintiff squeezed the trooper's hand very strongly and would not relax his grip.  Simultaneously, Plaintiff cocked his right arm back and clenched his right hand, directly aligning it with Trp. Artfich's face in an attempt to punch the trooper.  Tpr. Artfich used a straight arm bar takedown on Plaintiff and arrested him.  Two sets of handcuffs were used because Plaintiff complained of right arm pain above the elbow.

      Plaintiff received prompt medical care.  The prosecutor for Antrim County charged him with felony resisting and obstructing a police officer.  Plaintiff was bound over by the district court and convicted after a jury trial in circuit court.  Plaintiff accepted his sentence (fines and costs) and did not appeal.

5. **PROSPECTS OF SETTLEMENT:**

The parties have not engaged in settlement negotiations prior to the filing of this lawsuit. However, the parties intend to engage in said negotiations after the Rule 16(f) conference has been held and meaningful discovery has occurred such as the parties' depositions.

6. **PENDENT STATE CLAIMS:**

This case does not include any state law claims.

7. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by March 29, 2019.

8. **DISCLOSURES AND EXCHANGES:**

(i)   Fed. R. Civ. P. 26(a)(1) disclosures shall be made by March 11, 2019.

(ii)   The parties propose the following schedule for filing witness lists: April 11, 2019.

(iii)   26(b)(2) disclosures: The parties propose disclosure of the identity and area of expertise for all expert witnesses as follows:

Plaintiff: May 10, 2019.

Defendant: June 10, 2019.

(iv)   The parties do believe that the exchange of expert witness reports is advisable. The parties agree that reports will be exchanged 90 days prior to the date of trial. The parties have further agreed that discovery and trial depositions of experts named under this provision of the Joint Status Report may be deposed up to 30 days before trial.

9. **DISCOVERY:**

The parties believe that all discovery proceedings can be completed by July 11, 2019. The parties recommend the following discovery plan:

The parties will engage in fact discovery where they will explore Plaintiff's claims, alleged injuries and damages, and Defendants' defenses. The parties will limit their interrogatories to not exceed more than 25. Discovery depositions will be limited to no more than 10 per side unless leave is permitted by the Court. Furthermore, the presumptive time limits for depositions (1 day of seven hours) should not be modified in this case.

**10. DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION:**

The parties anticipate that the bulk of all document discovery will involve the disclosure of paper documents or tangible things, rather than electronically stored records. If such records are sought, the parties agree to confer on limitations to the scope of disclosure, the means of disclosure, and the cost associated with production, prior to submitting such a request to opposing counsel, to abide Fed. R. Civ. P. 26(b)(5)(B) concerning inadvertent disclosure of privileged material, and to confer with each other in good faith before seeking judicial assistance to compel disclosure.

**11. ASSERTIONS OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTIONS:**

The parties agree that if either of them realizes that arguably privileged material has been disclosed the matter will be handled pursuant to the procedure set forth at Fed. R. Civ. P. 26(b)(5)(B). In addition the parties anticipate seeking a protective order, by stipulation, to prevent the dissemination of any documents where they agree a privilege exists or disclosure should be controlled. In every respect, the burden of proof will remain with the party advocating the privilege, confidentiality or bar from disclosure.

**12. MOTIONS:**

The parties acknowledge that W.D. Mich. Local Civil Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by 7.1(d). The parties further acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed unless the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

The following dispositive motions are contemplated by each party: Defendant intends to file a Motion for Summary Judgment at the conclusion of fact discovery in this matter.

The parties anticipate that all dispositive motions will be filed by August 12, 2019.

**13. ALTERNATIVE DISPUTE RESOLUTION:**

The parties are agreeable to voluntary facilitation or a referral to an early settlement conference with the Magistrate Judge after the parties' depositions have been taken in this matter.

**14. LENGTH OF TRIAL:**

Counsel estimate the trial will last approximately 2 days, allocated as follows: 1 day for Plaintiff's case and 1 day for Defendant's case.

**15. <u>ELECTRONIC DOCUMENT FILING SYSTEM:</u>**

Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

                              Respectfully submitted,

| | |
|---|---|
| /s/ **Amy J. DeRouin** | /s/ **John G. Fedynsky (w/permission)** |
| Amy J. DeRouin (P70514) | John G. Fedynsky (P65232) |
| Attorney for Plaintiff | Attorney for Defendant |